IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ESTATE OF DEANDRE DAVIS, ET AL.**                                **PLAINTIFFS**

**V.**                **CIVIL ACTION NO. 5:20-CV-101-DCB-MTP**

**MANAGEMENT & TRAINING CORPORATION, ET AL.**        **DEFENDANTS**

### ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT

**COMES NOW** Defendant Management & Training Corporation ("MTC"), through counsel and pursuant to the Federal Rules of Civil Procedure, and files this Answer and Defenses to Plaintiffs' First Amended Complaint. In support, MTC would show the following:

### Affirmative Defenses

1. The First Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim against MTC upon which relief may be granted.

2. Plaintiffs may have failed to join indispensable parties in order to properly adjudicate the present matter, as set forth by Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure.

3. Plaintiffs' claims are barred by the applicable statutes of limitations, statutes of repose, the doctrines of laches, waiver, and/or estoppel, release, and/or failure to meet any other and further applicable filing deadlines.

4. Plaintiffs may have failed to comply with all conditions precedent and with all statutory and/or due process and/or other requisites for this this suit against MTC.

5. The action should be dismissed under the provisions of the Prison Litigation

Reform Act, codified at 42 U.S.C. § 1997e(c), because the First Amended Complaint fails to state a claim upon which relief can be granted under the same.

6. MTC would show that any alleged injuries or damages suffered by Plaintiffs or Plaintiffs' decedent as a result of the events complained of (which are denied) were caused solely by reason of the conduct of Plaintiffs' decedent, and that all actions of MTC were, in every sense, lawful, proper, and responsible and done in compliance with adopted policies and procedures.

7. MTC specifically reserves and invokes all defenses available to it or to which it is entitled under any applicable state and federal law and other policies, standards, regulations, laws, statutes, authorities, and ordinances.

8. At all times relevant to the First Amended Complaint, MTC acted in good faith reliance upon existing state and/or federal laws without malice, deliberate indifference, reckless disregard, injurious intent, or wrongful motive.

9. Plaintiffs have failed to articulate any unconstitutional policy on the part of MTC, and all constitutional claims against MTC should be dismissed, with prejudice

10. While denying that MTC took any action against Plaintiffs or Plaintiffs' decedent for which it may be liable, MTC expressly pleads that each and every decision made or taken concerning Plaintiffs' decedent was made in good faith and based on legitimate and lawful reasons. Further, each and every action taken by MTC with respect to Plaintiffs' decedent was taken in accordance with applicable federal and/or Mississippi statutory and case law, and/or other applicable law.

11. MTC took prompt and reasonable action under the circumstances to correct and/or remedy any alleged wrongful conduct, which is denied.

12. Plaintiffs' claims may be barred or preempted by Federal and/or Mississippi statutory and/or case law and/or the statutory caps and/or limitations found therein.

13. Plaintiffs' recovery of damages, if any and which are specifically denied, is limited by applicable state and/or federal law and the statutory limitations therein.

14. Plaintiffs and/or Plaintiffs' decedent failed to properly mitigate damages, if any and which are specifically denied.

15. Plaintiffs' and/or Plaintiffs' decedent's damages or injuries, to the extent that there are any, were exacerbated or made worse because of or were directly and proximately and solely caused by pre-existing physical, medical, and/or mental conditions.

16. MTC would affirmatively plead the provisions of Miss. Code Ann. § 11-7-15 and would aver that the acts and/or omissions of Plaintiffs' decedent caused, in whole or in part, his own injuries and/or damages (if any and which are specifically denied) and that a recovery, if any, by Plaintiffs must be reduced in accordance with Plaintiffs' decedent's own proportionate share of fault.

17. MTC and its agents acting within the course and scope of their employment would show that they exercised the degree of care which a reasonably prudent person would have exercised under similar circumstances and thus did not breach any applicable duty owed to Plaintiffs or Plaintiffs' decedent.

18. MTC would affirmatively plead the protections available under Miss. Code Ann. § 85-5-7 and would show that the acts or omissions of others, for whom it has no responsibility or liability, are the sole proximate, or contributing, cause of Plaintiffs' and/or Plaintiffs' decedent's injuries and/or damages, if any and which are denied, and that a jury must be allowed to assess the proportionate share of fault to those parties and/or participants.

19. MTC pleads the protections afforded to it under Miss. Code Ann. § 11-1-60 and the associated "caps" on those damages that cannot be objectively verified pecuniary damages (*i.e.* pain and suffering, loss of enjoyment of life, mental anguish, etc.), which are plead in the First Amended Complaint.

20. MTC committed no act that proximately caused or contributed to any alleged damages and/or injuries sustained by Plaintiffs or Plaintiffs' decedent; MTC breached no legal duty owed to Plaintiffs or Plaintiffs' decedent, if any (MTC specifically asserts that Plaintiffs' general state law claim of negligence fails based on a lack of duty owed by MTC); MTC did not cause Plaintiffs or Plaintiffs' decedent to sustain damages and/or injuries; and MTC demands that the suit filed against it be dismissed with all costs taxed to Plaintiffs.

21. Plaintiffs' and/or Plaintiffs' decedent's injuries and damages, if any and which are denied, were caused by intervening and/or superseding causes over which MTC had no control, and is thus not liable.

22. To the extent Plaintiffs have settled or should hereafter settle for any of their alleged damages with any person/entity, then MTC is entitled to a credit and set-off in the amount of said settlement and/or for the amount of the settling parties' allocated percentage of fault.

23. Plaintiffs are not entitled to the recovery of pre-judgment or post-judgment interest pursuant to applicable Mississippi and/or federal law.

24. Plaintiffs are not entitled to any award of attorneys' fees, costs, or other expenses of litigation, as a matter of law.

25. MTC specifically does not waive any defect in the First Amended Complaint by answering and preserves all objections to such deficiencies.

26. MTC denies any allegation of the First Amended Complaint not specifically and expressly admitted in this Answer.

27. MTC pleads all applicable defenses in Rules 8 and 12 of the Federal Rules of Civil Procedure as well as the Prison Litigation Reform Act. MTC further asserts and/or reserves its right to assert any additional affirmative defenses that may be justified as additional facts become known.

28. Under the provisions of Fed. R. Civ. P. 38, MTC demands a trial by jury on all matters so triable.

29. MTC is, or may be, entitled to all of its reasonable attorneys' fees and costs of litigation under Fed. R. Civ. P. 54 and 42 U.S.C. § 1988.

30. Plaintiffs' damages and/or injuries, if any, may be barred by and/or diminished by the doctrine of avoidable consequences.

31. Plaintiffs' damages and/or injuries, if any, resulted from unforeseeable or unavoidable circumstances and causes that could not have been prevented by MTC.

32. Plaintiffs' decedent had the last clear chance to avoid the incident that is the subject of this action, and therefore Plaintiffs' First Amended Complaint should be dismissed with prejudice.

33. Plaintiffs have failed to state any cause of action against MTC that would entitle them to recover punitive damages and with respect to punitive damages, specifically pleads as follows:

    a. MTC denies that Plaintiffs are entitled to any recovery of punitive damages whatsoever against it; in the alternative, MTC pleads all rights, remedies and affirmative defenses available pursuant to Miss. Code Ann. § 11-1-65.

    b. An award of punitive damages in this case is unconstitutional and in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of

        the Constitution of the United States, as well as the Mississippi Constitution, along with the Ex Post Facto Clause and Commerce Clause, Article I, Section 8, United States Constitution.

c.    An award of punitive damages would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States, as well as the Mississippi Constitution.

d.    Any award of punitive damages against MTC would be an unconstitutional violation of the provisions of the United States Constitution, including, but not limited to, the Fifth, Seventh, Eighth, and Fourteenth Amendments and would also violate provisions of the Constitution of Mississippi, including, but not limited to, Article III, §§ 14, 28, and 31.

e.    Any award of punitive damages that is not based on the guidelines set forth in BMW of *North America, Inc.* v. *Gore*, 517 U.S. 559 (1996) and its progeny, including *Cooper Indus., Inc.* v. *Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), would violate MTC's rights under the Due Process Clause, the Fourteenth Amendment and other provisions of the United States Constitution.

## ANSWER

AND NOW, without waiving any of the above and foregoing affirmative defenses or any other defenses whatsoever, MTC answers Plaintiffs' First Amended Complaint ("the Complaint"), paragraph by paragraph, as follows:

As to the unnumbered paragraph that begins with the words, "COME NOW the Plaintiffs," it does not appear that this paragraph requires a response by MTC. To the extent a response is required, MTC denies all allegations of the unnumbered paragraph which attempt to impose liability against it.

1.    MTC would specifically and only admit that DeAndre Davis was involved in an altercation at Wilkinson County Correctional facility on August 30, 2017 wherein he lost his life. MTC would further specifically and only admit that Exhibit 1 to Plaintiffs' First Amended Complaint speaks for itself. The remaining allegations contained in ¶ 1 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the

part of MTC.

2. Upon information and belief, MTC admits the allegations of ¶ 2.

3. Upon information and belief, MTC admits the allegations of ¶ 3.

4. MTC denies that it is a Utah corporation. MTC is a corporation organized under the laws of the State of Delaware, whose primary place of business is located in Centerville, Utah. MTC is authorized to and transacts business within the State of Mississippi. MTC admits that it may be served with the process of this Court through CT Corporation.

5. The allegations of ¶ 5 are not directed towards MTC, therefore no answer of it is required. To the extent an answer to this paragraph is required of MTC, it denies the allegations contained therein.

6. MTC admits the allegations of ¶ 6.

## JURISDICTION AND VENUE[1]

7. MTC would specifically and only admit that Plaintiffs' First Amended Complaint speaks for itself. The remaining allegations contained in ¶ 7 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC.

8. Without admitting any liability whatsoever, MTC admits the allegations of ¶ 8.

9. Without admitting any liability whatsoever, MTC admits the allegations of ¶ 9.

## FACTS

*MTC's Ongoing Failures at WCCF*

10. The allegations contained in ¶ 10 of the Complaint, as stated, are denied, specifically denying any implications of negligence or other actionable conduct on the part of

---

[1] MTC utilizes the headings set forth in the First Amended Complaint for organizational purposes only. To the extent that such headings constitute allegations, MTC denies those allegations.

MTC.

11. The allegations contained in ¶ 11 of the Complaint, as stated, are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC.

12. The allegations contained in ¶ 12 of the Complaint, as stated, are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC.

13. MTC specifically and only admits that WCCF houses close custody inmates. MTC further specifically and only admits that the contract between it and MDOC speaks for itself. The remaining allegations contained in ¶ 13 of the Complaint, as stated, are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC.

14. The allegations contained in ¶ 14 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC.

15. The allegations contained in ¶ 15 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC.

16. The allegations contained in ¶ 16 of the Complaint, as stated, are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC.

*The Killing of DeAndre Davis*

17. MTC would specifically and only admit that DeAndre Davis was involved in an altercation at Wilkinson County Correctional facility on August 30, 2017 wherein he lost his life. The remaining allegations contained in ¶ 17 of the Complaint, as stated, are denied, specifically

denying any implications of negligence or other actionable conduct on the part of MTC.

18. MTC denies Plaintiffs' characterization of the incident as a "melee." MTC admits the remaining allegations of ¶ 18, while at the same time denying any and all implications of negligence or other actionable conduct on its part.

19. The allegations contained in ¶ 19 of the Complaint, as stated, are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC.

20. The allegations contained in ¶ 20 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC, and demanding strict proof thereof.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983

21. MTC incorporates herein by reference each of its answers to the preceding paragraphs of Plaintiffs' First Amended Complaint.

22. The allegations contained in ¶ 22 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC, and demanding strict proof thereof.

23. The allegations contained in ¶ 23 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC, and demanding strict proof thereof.

## COUNT II

## WRONGFUL DEATH

24. MTC incorporates herein by reference each of its answers to the preceding paragraphs of Plaintiffs' First Amended Complaint.

25. The allegations contained in ¶ 25 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC, and demanding strict proof thereof.

26. The allegations contained in ¶ 26 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC, and demanding strict proof thereof.

27. The allegations contained in ¶ 27 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC, and demanding strict proof thereof.

28. The allegations contained in ¶ 28 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC, and demanding strict proof thereof.

29. The allegations contained in ¶ 29 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC, and demanding strict proof thereof.

30. The allegations contained in ¶ 30 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC, and demanding strict proof thereof.

## COUNT III

### NEGLIGENCE/GROSS NEGLIGENCE

31.     MTC incorporates herein by reference each of its answers to the preceding paragraphs of Plaintiffs' First Amended Complaint.

32.     MTC specifically and only admits that it owed a duty to inmates at WCCF as set forth by Mississippi common law. The remaining allegations contained in ¶ 32 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC, and demanding strict proof thereof.

33.     The allegations contained in ¶ 33 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC, and demanding strict proof thereof.

## COUNT IV

### NEGLIGENT HIRING AND SUPERVISION

34.     MTC incorporates herein by reference each of its answers to the preceding paragraphs of Plaintiffs' First Amended Complaint.

35.     MTC specifically and only admits that it owed a duty to inmates at WCCF as set forth by Mississippi common law. The remaining allegations contained in ¶ 35 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC, and demanding strict proof thereof.

36.     The allegations contained in ¶ 36 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC, and demanding strict proof thereof.

## COUNT V

## PREMISES LIABILITY

37.    MTC incorporates herein by reference each of its answers to the preceding paragraphs of Plaintiffs' First Amended Complaint.

38.    The allegations contained in ¶ 38 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC, and demanding strict proof thereof.

39.    The allegations contained in ¶ 39 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC, and demanding strict proof thereof.

40.    The allegations contained in ¶ 40 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC, and demanding strict proof thereof.

41.    The allegations contained in ¶ 41 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC, and demanding strict proof thereof.

42.    The allegations contained in ¶ 42 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC, and demanding strict proof thereof.

43.    The allegations contained in ¶ 43 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC, and demanding strict proof thereof.

44.    The allegations contained in ¶ 44 of the Complaint are denied, specifically

denying any implications of negligence or other actionable conduct on the part of MTC, and demanding strict proof thereof.

## PUNITIVE DAMAGES

45.  The allegations contained in ¶ 45 of the Complaint are denied, specifically denying any implications of negligence or other actionable conduct on the part of MTC, and demanding strict proof thereof.

## PRAYER

MTC denies any and all allegations contained in this unnumbered paragraph beginning with "WHEREFORE, PREMISES CONSIDERED," including subparts a. through k., denying any and all liability in the premises and demanding strict proof thereof.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Management & Training Corporation finally prays that this Answer and Affirmative Defenses be deemed good and sufficient and that after due proceedings, there be a judgment in its favor, with full prejudice and at Plaintiffs' costs.

Dated: June 19, 2020.

**MANAGEMENT & TRAINING CORPORATION**

By: */s/ R. Jarrad Garner*
R. Jarrad Garner (MSB No. 99584)
Darryl A. Wilson (MSB No. 104902)
ADAMS AND REESE LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Telephone:   601-353-3234
Facsimile:    601-355-9708
jarrad.garner@arlaw.com
darryl.wilson@arlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document with the Clerk of the Court using the ECF electronic filing system, which sent notification of such filing to all counsel of record.

This the 19th day of June, 2020.

/s/ *R. Jarrad Garner*
R. Jarrad Garner